Matter of Ferrari (2020 NY Slip Op 06928)





Matter of Ferrari


2020 NY Slip Op 06928


Decided on November 20, 2020


Appellate Division, Fourth Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ. (Filed Nov. 20, 2020.)
 
&em;

[*1]MATTER OF JACKIE FERRARI, A SUSPENDED ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER Order of disbarment entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on February 26, 2009. Her attorney registration information on file with the Office of Court Administration indicates that she resides in California. In July 2020, the Grievance Committee applied for an order striking respondent's name from the roll of attorneys based upon her conviction, upon her plea of guilty in the United States District Court for the Central District of California, of distribution of oxycodone in violation of 21 USC § 841 (a) (1), a federal felony. In support of the application, the Grievance Committee submitted a copy of a plea agreement, executed by respondent in April 2019, wherein she admits that, prior to January 2019, she sold not less than 1,000 30-milligram oxycodone pills to "black market" customers via coded advertisements on Craigslist. The Grievance Committee contends that respondent was disbarred upon her conviction on the ground that respondent's federal felony offense is essentially similar to the New York crime of knowingly and unlawfully selling a narcotic drug in violation of Penal Law § 220.39, a class B felony.
By order entered August 3, 2020, this Court reserved decision on the Grievance Committee's request for an order striking respondent's name from the roll of attorneys, suspended respondent from the practice of law on an interim basis, and directed her to show cause why a final order of discipline should not be entered pursuant to Judiciary Law § 90 (4). Although the Grievance Committee thereafter filed proof that respondent was personally served with the show cause order of this Court on August 21, 2020, respondent subsequently failed to file a response to the order, failed to appear on the return date thereof, and otherwise failed to contact the Court. Inasmuch as we agree with the Grievance Committee that respondent's federal felony offense is essentially similar to a violation of Penal Law § 220.39, we conclude that respondent was disbarred by operation of law, pursuant to Judiciary Law § 90 (4) (a) and (e), upon her plea of guilty to that offense.